People v Hicks (2020 NY Slip Op 04574)





People v Hicks


2020 NY Slip Op 04574


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-12990
 (Ind. No. 1570/16)

[*1]The People of the State of New York, respondent,
v
Christopher . Hicks, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Douglas Noll and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (William Donnino, J.), rendered November 13, 2017, convicting him of attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree (two counts), and criminal mischief in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of attempted assault in the first degree is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Myles, 172 AD3d 752). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt (see People v Lopez, 155 AD3d 892, 893). Moreover, upon our independent review of the record (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt on that charge was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contention is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court